# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                    Tel: 718-740-1000
Email: abdul@abdulhassan.com                                 Fax: 718-740-2000
*Employment and Labor Lawyer*                                Web: www.abdulhassan.com

**January 9, 2020**

**Via ECF**

Hon. Paul E. Davison, USMJ
United States District Court, SDNY
300 Quarropas Street
White Plains, NY 10601

        **Re: Harvey v. Career Connections Associates LLC**
            Case No. 19-CV-02869 (NSR)(PED)
            Motion for FLSA Settlement Approval

Dear Magistrate-Judge Davison:

      My firm represents plaintiff Jarmel Harvey ("Plaintiff" or "Harvey") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in Exhibit 1 is a fully executed copy of the settlement agreement.

      Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL, and to recover penalties for violation of the wage statement and wage notice requirements of the NYLL. Plaintiff alleges that Defendant's had a policy and practice of paying him for some of his overtime hours at his straight regular hourly rate and Plaintiff was not paid any wages for his remaining overtime hours worked.

      Assuming, for settlement purposes only at this time, that Defendant overcomes any contrary presumptions, and the weekly wages were intended to cover all hours worked, Plaintiff's effective hourly rate would be about $10.00/hr. and he would be owed about $5.00 per overtime hour – or about $160/wk. Plaintiff was employed by Defendant from on or about March 2012 to present. The complaint in this action was filed on March 30, 2019. (See ECF No. 1). It is our understanding that Defendant has changed its payment practice.

We therefore have FLSA overtime wages of about $160/wk x 100wks = $16,000 under the two-year statute of limitations period for non-willful violations. Defendant may be able to avoid the imposition of liquidated damages if they prove a good-faith affirmative defense. Defendant also disputes the work hours alleged by Plaintiff. In general Defendant denies Plaintiff's allegation that he is owed the wages he claims.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records.

The records produced by Defendant, purport to show that Plaintiff is owed unpaid overtime for 25.81 hours in 2017; 64.30 hours in 2018 and 16.32 in 2019 – unpaid overtime wages of approximately 106.43hours x $5.00/hr. = $532.15.

The gross settlement amount between Plaintiff and Defendants is $20,000, inclusive of fees and costs. (See Ex. 1, ¶ 2).

Under the settlement, Plaintiff will be receiving $13,025. (See Ex. 1 ¶ 2). Under the settlement agreement, Plaintiff's counsel is receiving reimbursement of Four Hundred and Sixty-Six Dollars ($466) in filing ($400) and service costs ($66), plus a 1/3 contingency fee of Six Thousand Five Hundred and Eleven Dollars ($6,511) (Ex. 1 ¶ 2)[1].

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Carrion v. 381 North Ave. Auto Care Inc. et al*, Case No. 19-CV-05901 (Magistrate-Judge Davison - October 29, 2019)(approving a 1/3 fee of $8,136 under *Cheeks*); *Gutierrez v. New Rochelle Hot Bagel, Inc. et al*, Case No. 17-CV-05752 (Judge Roman – November 2, 2018)(approving a 1/3 fee of $9,814 under *Cheeks*); *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY)(1/3 fee of $10,648); *Velez v. Lusardi Ltd. et al*, 16-CV-5675, ECF Nos. 41-43, (Magistrate-Judge Smith – SDNY)(1/3 fee of $11,000); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel." While time is still accruing, the hourly retainer fees exceed the 1/3 contingency fee Plaintiff's counsel is due to receive in this case.

reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Castro v. Arbeni Management Company Inc.*, Case No. 17-CV-04615, ECF No. 21, (Judge Nathan – May 10, 2018)(1/3 fee under *Cheeks* of about $16,512).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff will receive nothing or a lot less. Second, the settlement amount Plaintiff is due to receive under the settlement, can be reasonably viewed as covering most of FLSA-protected overtime wages. Third, Defendant has claimed financial difficulties and may not be able to afford a higher settlement amount. Fourth, there appears to be a desire by all parties to resolve the case and avoid the tremendous financial and non-financial costs/harms of further litigation.

Therefore, it is kindly requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:     Defense Counsel via ECF**